| | | | |
|---|---|---|---|
| Case No. | **EDCV 19-1621-JGB (KK)** | Date: | September 5, 2019 |
| Title: | *Mark Anthony Jones v. Raymond Madden, Warden* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order To Show Cause Why Petition Should Not Be Summarily Dismissed As Second And Successive

## I.
## INTRODUCTION

On August 8, 2019, Mark Anthony Jones ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 challenging his 1999 conviction. The Petition appears subject to dismissal because it is second and successive. The Court will not make a final determination regarding whether the Petition should be dismissed, however, without giving Petitioner an opportunity to address this issue.

## II.
## PROCEDURAL HISTORY

On November 19, 1999, Petitioner was convicted of attempted murder in San Bernardino County Superior Court. Jones v. Runnels, EDCV 03-0557-MMM (FMO), Dkt. 33.[1] The jury also found true the allegations that, in committing the crime, Petitioner (1) personally used a firearm; (2) intentionally and personally discharged a firearm; and (3) intentionally and personally discharged a firearm proximately causing great bodily injury to his victim. Id. Petitioner was sentenced to state prison for a term of 43 years to life. Id.

---

[1] The Court takes judicial notice of its own records and files as well as Petitioner's prior proceedings in the state courts. Fed. R. Evid. 201(b)(2); In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Petitioner appealed his conviction to the California Court of Appeal, which affirmed the judgment in a reasoned decision on April 9, 2001. Id. Petitioner then filed a petition for review in the California Supreme Court, which was denied on June 20, 2001. Id.; see also California Courts, Appellate Courts Case Information, Docket, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1829416&doc_no=S097737&request_token=NiIwLSIkTkw2WzBZS CM9XEtJUEA0UDxbKiMuWzlSQCAgCg%3D%3D (last updated Sept. 5, 2019 12:12 PM).

On May 16, 2003, Petition filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("2003 Petition") in this Court challenging his 1999 conviction and raising the following six claims for relief:
1. The trial court prejudicially erred in refusing to define imperfect self-defense voluntary manslaughter.
2. The trial court prejudicially erred in failing to instruct the jury on attempted justifiable homicide.
3. The trial court prejudicially erred by instructing the jury with CALJIC Nos. 2.06 and 2.52.
4. Trial counsel rendered ineffective assistance by failing to request that the trial court instruct the jury with CALJIC No. 5.44, and the trial court prejudicially erred by failing to instruct the jury, sua sponte, with CALJIC No. 5.44.
5. The trial court prejudicially erred by "refusing to allow petitioner to have his priors allegations tried by a jury of his peers, instead of by a trial by judge."
6. Appellate counsel rendered ineffective assistance in violation of Petitioner's Sixth Amendment rights by "failing to raise the above stated claims."

See Jones, EDCV 03-0557-MMM (FMO), Dkt. 33 at 5-6. On August 23, 2006, the Court denied the 2003 Petition on the merits and dismissed the action with prejudice. Id. at Dkt. 33, Report and Recommendation; Id. at Dkt. 38, Order Accepting Report and Recommendation; Id. at Dkt. 39, Judgment.

On September 25, 2006, Petitioner filed a notice of appeal of the denial of the 2003 Petition in the Ninth Circuit. Id. at Dkt. 40. On December 7, 2009, the Ninth Circuit denied Petitioner's request for a certificate of appealability. Id. at Dkt. 45.

On June 29, 2018, Petitioner filed a petition for writ of habeas corpus in the San Bernardino County Superior Court on the grounds: (1) trial counsel was ineffective for failing to request instructions on imperfect self-defense and (2) the case should be remanded for consideration of dismissing the firearm enhancements under recent amendments to Penal Code section 12022.53. See Dkt. 1 at 214-216. On July 23, 2018, the superior court denied the petition. Id. On August 15, 2018, Petitioner filed a petition for rehearing in the San Bernardino Superior Court. Id. at 218. On August 21, 2018, the superior court denied the petition for rehearing. Id.

Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court, which was summarily denied on May 22, 2019. Id. at 222.

On August 8, 2019, Petitioner constructively filed the instant Petition challenging his 1999 conviction on the following grounds:
1. Trial counsel provided ineffective assistance in failing to request an imperfect self-defense instruction or an instruction that defines imperfect self-defense.

2. "If the judgment is not reversed, this court should remand this case for consideration whether to dismiss or strike the firearm enhancements as permitted by the amended [sic] of Penal Code § 12022.53(h)."
3. "(1) the habeas Superior Court Judge's ruling on the habeas petition is unreasonable and is based on claims not raised in this petition and; (2) the rehearing ruling is contrary to Cal. Govt. Code § 68081 and Cal. R. Ct. Rule 8.708 and controlling law."

Dkt. 1 at 27-43.

## III.
## DISCUSSION

Habeas petitioners generally may file only one habeas petition challenging their conviction or sentence. See 28 U.S.C. § 2244(b)(1). Hence, if a prior petition raised a claim that was adjudicated on the merits, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the [second or successive petition]." Id. § 2244(b)(3)(A); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); Goodrum v. Busby, 824 F.3d 1188, 1194 (9th Cir. 2016) ("As a general principle, . . . a petition will not be deemed second or successive unless, at a minimum, an earlier-filed petition has been finally adjudicated."). Absent proper authorization from the court of appeals, district courts lack jurisdiction to consider second or successive petitions and must dismiss such petitions without prejudice to refiling if the petitioner obtains the necessary authorization. Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." (citation omitted)); 28 U.S.C. § 2244(b)(2).

Here, the instant Petition challenges the same conviction that was challenged in the 2003 Petition which was adjudicated on the merits. See Dkt. 1. Consequently, the instant Petition is second or successive to the 2003 Petition. As Petitioner has not presented any documentation indicating the Ninth Circuit has issued "an order authorizing the district court to consider the application," the Court lacks jurisdiction over the claims, and the instant Petition is subject to dismissal. 28 U.S.C. § 2244(b)(3)(A).

## IV.
## ORDER

Thus, the Court ORDERS Petitioner to respond **no later than September 26, 2019** by electing one of the following options:

1. File a written response explaining the Petition is not a second and successive petition or showing that the Ninth Circuit has authorized review of this Petition. If Petitioner contends the Petition is not a second and successive petition, Petitioner should clearly explain this and attach any supporting documents showing that his claim is not second and successive to his prior claim; or

2. Voluntarily dismiss this action without prejudice. Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court has attached A Notice of Dismissal form.** However, the

Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

If Petitioner fails to demonstrate the Petition is not a second or successive petition, **or fails to respond by September 26, 2019**, the Court will dismiss the Petition without prejudice as a second and successive petition and/or for failure to prosecute and obey court orders. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**